**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2481-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMAAL B. MCCALL,
a/k/a JAMAAL MCCALL,

     Defendant-Appellant.

_____

Submitted December 11, 2023 – Decided December 19, 2023

Before Judges Marczyk and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 19-04-0227.

Joseph E. Krakora, Public Defender, attorney for appellant (Alicia J. Hubbard, Assistant Deputy Public Defender, of counsel and on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Meredith L. Balo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jamaal McCall appeals from a February 13, 2020 Law Division order denying his motion for admission into a pretrial intervention ("PTI") program after being rejected by the Union County Prosecutor's Office ("the Prosecutor's Office").  We affirm.

The following facts are derived from the motion record.  On December 12, 2018, detectives from the Elizabeth Police Department were surveilling a high-crime area.  They observed defendant and two others speak to an unidentified male.  Defendant and the two others then approached a Dodge Charger, and defendant unlocked the door with a key from his pocket and sat in the driver's seat.  Defendant then left his vehicle and exchanged small items for money with the unidentified male.  The detectives then stopped defendant, who was searched and found to have $1,496 in cash, an empty sandwich bag, and the car key in his pockets.  A search of defendant's car revealed a stolen loaded .22-caliber handgun, cocaine, a scale, and empty plastic sandwich bags.  According to the State, defendant is a known gang member.  According to defendant, he had an "affiliation" with the Grape Street Crips but had not been active for four years.

A grand jury indicted defendant for second-degree unlawful possession of a weapon without a permit, N.J.S.A. 2C:39-5(b)(1); second-degree possession

2

of a firearm while committing a controlled dangerous substance ("CDS") crime, N.J.S.A. 2C:39-4.1(a); third-degree receiving stolen property, N.J.S.A. 2C:20-7(a); third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1); third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:3 5-5(b)(3); and second-degree possession of CDS with intent to distribute within five-hundred feet of a public park, N.J.S.A. 2C:35-7.1(a).

On May 29, 2019, defendant submitted a PTI application, claiming because of two extraordinary and compelling reasons he should be admitted into PTI. First, defendant claimed he was a primary care giver to his young disabled son. Second, defendant asserted he carried the gun for self-protection, having been a victim of gun violence in 2014.

Preliminarily, pursuant to Rule 3:28-1(d)(1), because the underlying charge against defendant involved a presumption of incarceration and a mandatory minimum period of parole eligibility, his PTI application required the prosecutor's "consent to consideration." A defendant's application for such consent requires "a statement of extraordinary and compelling circumstances that justify consideration of the application notwithstanding the presumption of ineligibility based on the nature of the crime charged and any prior convictions." R. 3:28-3(b)(1). "If a defendant 'fails to rebut the presumption against

3 A-2481-20

diversion,' then '[r]ejection based solely on the nature of the offense is appropriate.'" State v. Waters, 439 N.J. Super. 215, 227 (App. Div. 2015) (quoting State v. Caliguiri, 158 N.J. 28, 43 (1999)). If the prosecutor consents, the application is then considered by the criminal division manager, who makes a recommendation to the prosecutor on the decision for enrollment. R. 3:28-3(d). Assessment of a defendant's suitability for PTI is based on factors set forth in N.J.S.A. 2C:43-12(e) and Rule 3:28-4(b).

In June 2019, the Prosecutor's Office notified defense counsel that it reviewed defendant's application and supporting documents for admission but decided it would not join in defendant's application for entry into PTI. Defendant then moved to appeal the State's objection to consider defendant for PTI. Although the Prosecutor's Office maintained its original position that defendant failed to provide extraordinary and compelling circumstances in support of admission into the PTI program, the Prosecutor's Office, recognizing the defendant's hardships, consented to allow defendant's application to proceed to the criminal division manager. The Prosecutor's Office subsequently rejected defendant from PTI.

Defendant appealed the Prosecutor's Office's decision to the Superior Court, Law Division, claiming the State failed to consider or inappropriately

considered the factors under N.J.S.A. 2C:43-12(e), specifically pointing to factors (5), (6), (7), (9), (16), and (17). Defendant did not challenge the Prosecutor's Office findings on the other factors. After a hearing, the court issued a written decision denying defendant's appeal and upheld the rejection of defendant's PTI application, finding defendant failed to demonstrate the Prosecutor's Office abused its discretion. The trial court observed the State acknowledged defendant's two asserted reasons for entering PTI but found the Prosecutor's Office appropriately considered the factors in making its decision to deny the application.

As to factors (5), the lack of personal problems and character traits related to the crime, and (6), the lack of likelihood defendant's crime is related to a condition conducive to change through participation in supervisory programs, the trial court held the State appropriately found they did not apply because there was no evidence establishing a connection between defendant's crime and his son's medical condition or between his carrying a gun while dealing drugs and his prior shooting. Moreover, the trial court believed these reasons were a "red herring to avoid jail or prison." Regarding the State's use of defendant's gang membership when considering factor (7), the needs and interests of the victim and society, defendant claimed it was inappropriately applied because he only

had a "gang affiliation." The court held the State was correct in weighing this factor because in addition to his gang affiliation, he was found in possession of a stolen gun.

The trial court also held that although the State's rejection letter did not mention factors (9), defendant's criminal history and risk of danger to others, and (12), defendant's history of physical violence towards others, their brief did address those factors. The court agreed with the State's conclusion that while factor (12) was in defendant's favor, factor (9) was against his admission because gang affiliation and dealing drugs while armed posed a risk of danger to others.

Lastly, defendant argued the State abused its discretion in finding factors (16), participation in PTI may adversely affect prosecution of the co-defendants, and (17), "the harm done to society by abandoning criminal prosecution," outweighed the benefits to defendant and leaned against his admission into PTI. Based on the nature of the offense, with two co-defendants whose matters were still pending, the trial court ruled the State's assessment of these factors was correct.

Subsequently, defendant entered a guilty plea to unlawful possession of a weapon and possession of CDS with the intent to distribute in exchange for a recommended sentence of three years' incarceration with one year of parole

6

ineligibility. As part of the plea agreement, the State agreed it would not oppose imposition of a non-custodial sentence. On March 10, 2021, defendant was sentenced, below his plea agreement, to three years of non-custodial probation.

Defendant appeals his judgment of conviction, arguing:

> THE TRIAL COURT ERRED IN FINDING THE STATE'S DENIAL OF DEFENDANT'S APPLICATION FOR PRE-TRIAL INTERVENTION WAS NOT AN ABUSE OF DISCRETION.

Defendant contends the Prosecutor's Office 's failure to consider his individual characteristics, such as his age, full-time employment, lack of record, and his amenability to rehabilitation was a patent and gross abuse of discretion. He asserts the Prosecutor's Office focused almost exclusively on the nature of the offense and used it as a bar to defendant's admission into PTI. Defendant further maintains the Prosecutor's Office s evaluation of the seventeen criteria set forth in N.J.S.A. 2C:43-12(e) gave little consideration to the numerous factors that weighed in defendant's favor. He posits that, because he was a victim of gun violence and due to his son's medical issues, he has demonstrated extraordinary circumstances, and the judge erred in denying his admission into PTI. Defendant's arguments are unavailing.

"PTI is a 'diversionary program through which certain offenders . . . avoid criminal prosecution [and] receiv[e] early rehabilitative services expected to

A-2481-20

deter future criminal behavior.'" State v. Roseman, 221 N.J. 611, 621 (2015) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). "Deciding whether to permit diversion to PTI 'is a quintessentially prosecutorial function.'" Waters, 439 N.J. Super. at 225 (quoting State v. Wallace, 146 N.J. 576, 582 (1996)). "[C]ourts allow prosecutors wide latitude in deciding whom to divert into the PTI program and whom to prosecute through a traditional trial." State v. Negran, 178 N.J. 73, 82 (2003).

Consequently, the scope of judicial review of a PTI denial is "severely limited," ibid., and "[r]eviewing courts must accord the prosecutor extreme deference.'" Waters, 439 N.J. Super. at 226 (quoting Nwobu, 139 N.J. at 246). A defendant challenging rejection must clearly and convincingly establish the prosecutor's decision constituted "a patent and gross abuse of his discretion." R. 3:28-6(b)(1); see State v. Watkins, 193 N.J. 507, 520 (2008). The defendant must show "the prosecutor's decision failed to consider all relevant factors, was based on irrelevant or inappropriate factors, or constituted a 'clear error in judgment.'" Nwobu, 139 N.J. at 247 (quoting State v. Bender, 80 N.J. 84, 93 (1979)). "A patent and gross abuse of discretion is defined as a decision that 'has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention.'" Watkins, 193

N.J. at 520 (quoting Wallace, 146 N.J. at 582-83).  At bottom, "[t]he question is not whether [the judge] agree[s] or disagree[s] with the prosecutor's decision, but whether the prosecutor's decision could not have been reasonably made upon weighing the relevant factors."  Nwobu, 139 N.J. at 254.

Although defendant advances several arguments in support of his application for PTI based on his age and lack of prior criminal record, there is no indication the Prosecutor's Office 's denial of defendant's PTI application was premised on anything other than a consideration of the relevant factors pursuant to N.J.S.A. 2C:43-12(e).  While defendant maintains the Prosecutor's Office focused more on certain factors addressing the nature of the crime, its consideration of these factors was not done to the exclusion of the other relevant factors.  While defendant minimizes his gun possession, attributing it to gun violence he experienced as a victim, we cannot second-guess the Prosecutor's Office in its determination to give certain factors certain weight.

Here, the record fully supports the Prosecutor's Office's denial of defendant's application, based on its finding that defendant, with a gang affiliation, engaged in a hand-to-hand drug sale, had over $1,000 in his pocket, while he used his nearby car to stash his gun, cocaine, packaging materials, and a scale.  That the State gave less weight here to defendant's arguments and the

corresponding PTI criteria than defendant desired does not equate with a patent abuse of discretion pursuant to <u>Rule</u> 3:28-6(b)(1).  Given the prosecutor's wide latitude in deciding whom to divert into the PTI program, and our deferential review of those decisions, we conclude defendant has not established the prosecutor engaged in a patent and gross abuse of discretion, and there is no basis to disturb the trial court's denial of defendant's admission into PTI.

Any other issues presented, to the extent we have not mentioned them, do not warrant comment.  <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2481-20